Joran Lyons, specially appearing on behalf of Angela Bean and Associates for the petitioner. Your Honors, this case involves a long-term resident of this country with numerous family and community ties who was ill-served first by his own grossly ineffective counsel, now disbarred, and then by the Board of Immigration Appeals, which first overlooked an available remedy for the now unrepresented man before them, and then refused to correct its own error or to allow new counsel to mitigate the damage done by prior counsel. The Board violated its own stated policy in not considering administrative closure for repapering and then compounded this error by contravening its own case law in terms of a motion to reconsider. Your basic argument is that there is a repapering policy the Board did not follow in this case and that it should have done that? I'm sorry, it did not follow in this case and that it should have done that? That it should have followed a repapering policy? Yes, Your Honor, there is a stated policy. All right. May I ask you a question? We recently had a decision named Alcarez. Are you familiar with that? Yes, I filed a 28-J letter on that, Your Honor. Yes, in which we asked the Board or told the Board that it should consider whether the actions it had taken constituted a repapering policy and that we would defer our decision in that case on whether there was a violation of the policy until the Board had the opportunity to issue a decision telling us whether it believed that it was bound by that policy? Yes. Is there any reason that you can see that that would not apply to your case also, that we would wait until the Board had the opportunity to make that determination before deciding your case? Well, Your Honor, the cases are distinct in that that matter has been remanded to the Board to await that decision. Yes. This matter is presently before the Court. Well, that was presently before the Court also. Yes. Until it was remanded. Until it was remanded. Well, I understand that. But I think my point is that if this Court were not to remand the matter to the Board, as it did in Alcarez, then we don't have an answer to the question that you posed in returning the case to the Board. We'll get it from the Board eventually. I'm sorry. We will get it from the Board eventually. Yes, but the question in the meantime is what's to become of this particular petitioner in the present case. Well, of course, what I assume would happen to the particular petitioner is we would hold the case. We would either hold the case or remand it to the Board to be considered along with the other. And I assume a petitioner of a stay in this case? Yes. Well, from the Board or the Court? From this Court. I assume a stay would remain in effect. And maybe we ought to ask the Board what they think of why Alcarez doesn't require us to wait until the Board makes a decision. Counsel? Good morning, Your Honor. Dan Goldman on behalf of the United States. If this Court were to follow its path in Alcarez, and I apologize, I don't have the case in front of me, either to hold this case in abeyance, I'm trying to think which would be more appropriate, holding the case in abeyance or to remand, I think perhaps to hold it in abeyance and ask the parties to file a status report, something like that. Certainly, that could address it. Essentially, that's the claim here that Mr. Valdivia-Padilla is seeking relief on a proposed regulation. If the Court is concerned about the status of that, then that's one way to address it. Yes. All right. Thank you. If you have no objection, I think that's probably the most sensible way for it. All right. Thank you. Thank you, counsel. Yes. The Responder is not seeking relief on the basis of a proposed regulation. He's seeking relief on the basis of the Board's stated practice and policy in the last four years. Yes. Yes. Okay. I just wanted to make clear that we're not seeking relief on the basis of a proposed regulation. No, no. We understand your position is they are bound by what they have already done. Okay. Thank you. Thank you. Thank you both. The case will be submitted.
judges: Reinhardt, Thompson, Berzon